# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:02-CR-00105-GCM

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>LONNIE REGINALD LIVINGSTON,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant Lonnie Reginald Livingston's pro se Motion for Compassionate Release/Sentence Reduction (ECF Doc. 21). The Government filed a Response in Opposition to Defendant's Motion for Compassionate Release (ECF Doc. 28), and Defendant filed a Reply (ECF Doc. 33). Now being fully briefed, this matter is ripe for consideration. For the reasons indicated herein, the Court finds that Defendant's Motion should be denied.

## I. BACKGROUND

In brief, Defendant committed two armed bank robberies in Charlotte, North Carolina, which led to his present imprisonment. Defendant was convicted on one count of armed bank robbery, one count of possession of a firearm during and in relation to a crime of violence, and one count of possession of a firearm by a convicted felon as an armed career criminal. Defendant was sentenced to 188 months in prison to run concurrently for the armed bank robbery and possession of a firearm by a convicted felon offenses and eighty-four months to run consecutively for the possession of a firearm during and in relation to a crime of violence offense. In sum, Defendant's aggregate sentence is 272 months in prison.

## II. DISCUSSION

### A. Motion for Compassionate Release/Sentence Reduction

In relevant part, Title 18 of the United States Code, Section 3582, allows a defendant to file a motion seeking to modify his sentence for "extraordinary and compelling reasons," after the defendant has exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (2018). If these exhaustion requirements are met,[1] then the Court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The defendant bears the burden of establishing that he or she is eligible for a sentence reduction. *United States v. Jackson*, No. 3:90-cr-85-MOC-DCK, 2021 WL 2226488, at *3 (W.D.N.C. June 2, 2021).

As to the "applicable policy statements" the court must review in considering a sentence reduction, the Fourth Circuit has recently concluded that, because the previously applicable policy statement was not updated to address changes made in the First Step Act, there are no current "applicable policy statements." *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020). Therefore, courts are free to consider any extraordinary and compelling reasons when determining whether a sentence reduction is appropriate. *Id.* at 284. Nevertheless, while the previously applicable policy statement is no longer "applicable" according to that term as used in Section 3582, it is still considered a helpful guidance. *Id.* at 282 n.7.

---

[1] The Government does not dispute that Defendant exhausted the administrative requirements for this Motion.

Turning to the previously applicable policy statement, Section 1B1.13 of the United States Sentencing Guidelines, extraordinary and compelling reasons that may justify a reduction of sentence include: (i) that "[t]he defendant is suffering from a terminal illness" or (ii) that the defendant is suffering from "a serious physical or medical condition," "a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(i)-(ii). Extraordinary and compelling reasons could also include that the defendant is over sixty-five years old, "is experiencing a serious deterioration in physical or mental health because of the aging process," and the defendant has served seventy-five percent of the term of imprisonment. *Id.* § 1B1.13 cmt. n.1(B). The policy statement also specifies that, even if extraordinary and compelling reasons warrant a sentence reduction, the Court must also find that "the defendant is not a danger to the safety of any other person or to the community." *Id.* at § 1B1.13(2).

Here, Defendant has failed to establish extraordinary and compelling circumstances that warrant a sentence reduction. As to the risk of COVID-19 in association with Defendant's medical condition, Defendant must show a "particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *See United States v. Blevins*, 832 F. App'x 192, 192 (4th Cir. 2020) (per curium) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). Here, Defendant has not shown any particularized risk of contracting COVID-19 at his prison facility. To the contrary, the Government has highlighted in detail the thorough and comprehensive set of procedures and protocols to address COVID-19 that have been developed by the Bureau of Prisons. Moreover, it appears USP McCreary is well-equipped to address concerns regarding COVID-19.

Defendant also has not established that his leukemia satisfies the requirement of showing extraordinary and compelling reasons exist to justify a sentence reduction. The record shows that Defendant has refused treatment for his health condition, which undermines any argument that extraordinary and compelling reasons could exist to justify a sentence reduction. *See United States v. Feiling*, No. 3:19cr112 (DJN), 2020 WL 5047064, at *7 (E.D. Va. Aug. 26, 2020) (denying a motion for compassionate release where the defendant declined a COVID-19 vaccination and, therefore, declined the opportunity to minimize any existing health risks); *United States v. Sargent*, No. 3:09-007-DCR, 2020 WL 897633, at *4 (E.D. Ky. Feb. 24, 2020) (denying compassionate release in part because the defendant had refused medical treatment in a similar case where the defendant was diagnosed with leukemia). While Defendant's leukemia may be worsening, Defendant has repeatedly chosen to forego and refuse treatment. Additionally, Defendant has not shown that his leukemia is a serious and advanced illness with an end-of-life trajectory, that there has been inadequate medical care given to him for his leukemia, or that his leukemia diminishes his ability to provide self-care. Upon considering all the circumstances of Defendant's Motion, he has not established any extraordinary and compelling reasons that warrant a reduction in sentence.

Further still, even if extraordinary and compelling reasons existed to support a sentence reduction, the Section 3553(a) factors do not favor reducing his sentence. The length of Defendant's sentence is necessary to reflect the nature and circumstances of Defendant's offenses, as well as his history and characteristics, including his repeated use of firearms in robberies. Defendant's sentence reflects the seriousness of the present offense, promotes respect for the law, provides just punishment, and protects the public. Based on a careful consideration of the facts and circumstances of this Motion, the Court concludes that Defendant's Motion for Compassionate Release/Reduction of Sentence should be denied.

Turning to Defendant's request for the Court to appoint counsel for this Motion, as Defendant notes, there is no constitutional right to the appointment of counsel in post-conviction criminal motions such as this one. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582 if the interests of justice so require. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). The Court does not find that the interests of justice so require in this case and declines to appoint counsel on Defendant's behalf.

### B. Motion to Seal

The Government also filed a Motion to Seal (ECF Doc. 32), requesting permission to seal certain attachments offered as evidence in its Response to Defendant's Motion. When a party makes a request to seal judicial records, the Court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) consider alternatives to sealing; and (3) if it decides to seal, make findings "specific enough that a reviewing court can determine whether the sealing is consistent with the First Amendment or the common law right to public access." W.D.N.C. LCrR 49.1.1; *see also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). In accordance with the law of this Circuit as well as the Local Rules, the Court has considered the Motion to Seal, the public's interest in access to such materials, and alternatives to sealing. The public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on March 12, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. The Court determines that no less restrictive means other than sealing is sufficient because a public filing of such materials would reveal Defendant's personal identification information. The Court

concludes that the sealing of these documents is narrowly tailored to serve the interest of protecting Defendant's rights to confidentiality.

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant Lonnie Reginald Livingston's pro se Motion for Compassionate Release/Sentence Reduction (ECF Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal (ECF Doc. 32) is **GRANTED,** and Defendant's disciplinary record (ECF Doc. 29), Defendant's reduced sentence request (ECF Doc. 30), and the portions of Defendant's medical records filed in response to Defendant's Motion (ECF Doc. 31) shall be filed under seal until further Order of this Court.

**SO ORDERED**.

Signed: July 8, 2021

Graham C. Mullen
United States District Judge