# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:02-CR-00105-GCM-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| LONNIE REGINALD LIVINGSTON, | |
| Defendant. | |

**THIS MATTER** comes before the Court on the United States' Motion to Authorize Payment (ECF No. 40). Defendant did not file a response. For reasons discussed in more detail below, the Court will grant the motion.

## I. BACKGROUND

Lonnie Reginald Livingston is a federal inmate serving a 272-month sentence for armed bank robbery, possession of a firearm during and in relation to a crime of violence, and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 2113(d), 924(c)(1), 922(g)(1), and 924. ECF No. 17 at 1–2. In addition to the term of imprisonment, the Court imposed restitution in the amount of $8,047.00. *Id.* at 5. Livingston has paid $1,809.31 in restitution to date, and presently owes $6,237.69. After the United States learned that Livington's inmate trust account contained $1,272.74, it filed the present motion, seeking the turnover of $1,072.74.

## II. DISCUSSION

The government identifies a host of statutory provisions that authorize the turnover sought here. The Crime Victims' Rights Act (CVRA) provides crime victims with the right to "full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). It also directs courts to "ensure that

the crime victim is afforded" that right in any court proceeding involving an offense against a crime victim. *See id*. § 3771(b)(1).

Next, the Mandatory Victims Restitution Act (MVRA) "allows for broad enforcement" of certain criminal restitution orders, permitting the government to enforce criminal restitution orders in the same manner as criminal fines. *See United States v. Frank*, 8 F.4th 320, 326 (4th Cir. 2021). The mechanics of collection are relatively simple. Upon entry of a criminal judgment, a lien arises against all of the defendant's property or rights to property. *See id.* at 322; 18 U.S.C. § 3613(c).

When a person obligated to provide restitution receives substantial resources during a period of incarceration, that person "shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Upon its motion or the motion of any party, the Court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id*. § 3664(k).

Based on the foregoing, the Court concludes that the government's motion should be granted. Restitution in this case was to be paid "in full immediately." ECF No. 17 at 5. The funds at issue currently are in the Government's possession and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Finally, as the government argues, the funds at issue "may represent the best chance for significant recovery," given Livingston's lengthy term of imprisonment. ECF No. 40-1 at 6.

### III. ORDER

**IT IS THEREFORE ORDERED** that the government's Motion to Authorize Payment from Inmate Trust Account (ECF No. 40) is **GRANTED**. The Bureau of Prisons is directed to

**TURN OVER** $1,072.74 of the funds held in Livingston's inmate trust account to the Clerk of Court, to be used for payment of restitution obligations.

    **SO ORDERED**.

Signed: November 30, 2021

Graham C. Mullen
United States District Judge